UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRENTON TOUCH,<br><br>Defendant | CRIMINAL No. 26-8454-PGL |

**MOTION FOR DETENTION PURSUANT TO 18 U.S.C. § 3142(f)(1)(A) AND TO CONTINUE THE DETENTION HEARING PURSUANT TO *UNITED STATES v. KING*, 818 F.3d 112 (1st Cir. 1987)**

Defendant Trenton Touch has been charged with making a threat against the President in violation of 18 U.S.C. § 871. The Court has scheduled an initial appearance on Monday, November 9, 2026. At present, Touch is being held pending trial on state charges of possession of a firearm and ammunition without a firearms identification card and improper storage of a firearm. *See Comm. v. Touch*, 2611-cr-005612 (Lowell District Court).

The government respectfully (i) moves that the defendant be detained pending trial in this matter pursuant to 18 U.S. § 3142(f)(1)(A); and (ii) requests that any hearing on the government's motion for detention be continued pending Touch's release from state custody.

As described in the affidavit submitted in support of the criminal complaint (Dkt. No. 2-1), Touch has made a threat against the life of the president, which is a crime of violence as defined in 18 U.S.C. § 3156(a)(4) (defining a "crime of violence" to include "an offense that has as an element the … threatened use of physical force against the person of another."). In addition to that specific threat, Touch has repeatedly made statements indicating an interest in committing other acts of violence, including mass shootings, attacks on individuals based on their ethnic or

religious background, and attacks on other public officials. *Id.* Given these threats, the government submits that there is no "condition or combination of conditions" that "will reasonably assure the safety of … the community" and, accordingly, Touch should be detained pursuant to 18 U.S.C. § 3142(f)(1)(A).

Because Touch is currently in state custody, the government respectfully requests that a hearing on its request for detention be continued until his release from state custody pursuant to the procedure set forth in *United States v. King*, 818 F.2d 112, 115 n.3 (1st Cir. 1987) ) ("[I]f the government wishes to postpone consideration of whether or not an already detained prisoner should be further detained once his prison term is served, and the accused agrees, the government, at the accused's first appearance, might specifically request a postponement of a § 3142(f) detention hearing.").

A proposed order is attached.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: *<u>/s/ Christopher Looney</u>*
Christopher Looney
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

Date: November 6, 2026

*/s/ Christopher Looney*
Christopher Looney